UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24138-DPG

_____

YUANXIAO FENG, an individual;
KIU CHUN SAXON HUI, an individual;
LAI KING HUI, an individual;
JING KUANG, an individual;
CHUEN PING NG, an individual;
MINYANG TIAN, an individual;
HONGSEN ZHANG, an individual;
and YAN ZHANG, an individual,

        Plaintiffs.

v.

JOSEPH WALSH, an individual; JOSEPH
WALSH, JR., an individual; ANTHONY
REITZ, an individual; LESLIE ROBERT
EVANS, an individual; GREYSTONE EB-5
LLLP, a Florida limited liability limited
partnership; SOUTH ATLANTIC
REGIONAL CENTER, LLC, a Florida
limited liability company; USREDA, LLC, a
Delaware limited liability company;
USREDA HOLDINGS LLC, a Delaware
limited liability company; USREDA
MANAGEMENT, LLC, a Delaware limited
liability company; JJW CONSULTANCY,
LTD., a foreign company; DANIEL
VOSOTAS, an individual; JAMES
VOSOTAS, an individual; GREYSTONE
HOTEL MIAMI LLC, a Florida limited
liability company; UNITED EB5, LLC, a
Florida limited liability company; SANTA
BARBARA 230, LLC, a
Foreign limited liability company;
GREYSTONE TERRA FIRMA, LLC, a
Foreign limited liability company;
VOS HOLDINGS I, LLC, a Florida
limited liability company;
VOS CRE I, LLC, a Florida limited liability

company; GREYSTONE HOSPITALITY, LLC, a
Florida limited liability company;
GREYSTONE HOLDCO, LLC, a Foreign
Florida limited liability company;
GREYSTONE MANAGING MEMBER,
LLC, a Florida limited liability company;
GREYSTONE MASTER TENANT, LLC, a
Foreign limited liability company;
GREYSTONE TENANT, LLC, a Foreign
Florida limited liability company;
GREYSTONE OPTION HOLDER, LLC, a
Foreign limited liability company; WWB
TRUST LLC, a Florida limited liability
company; TRANS INNS ASSOCIATES
INC.,
a Foreign profit corporation;
EVANS CARROL & ASSOCIATES INC., a
Florida Corporation;
VOS HOSPITALITY, LLC, a Florida
limited liability company;
BBM 3, LLC, an Indiana limited
liability company; BBM 3 II, LLC an
Indiana limited liability company;
BRANDON MUHL, an individual;
PNC BANK, N.A., a National
Association; and RUBEN RAMIREZ, an
individual

    Defendants.
_____/

**MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION AND INCORPORATED MEMORANDUM OF LAW BY
DEFENDANTS GREYSTONE HOTEL MIAMI, LLC, UNITED EB5, LLC,
SANTA BARBARA 230, LLC, GREYSTONE TERRA FIRMA, LLC,
VOS HOLDINGS I, LLC, VOS CRE I, LLC, GREYSTONE
HOSPITALITY, LLC, GREYSTONE HOLDCO, LLC, GREYSTONE
MANAGING MEMBER, LLC, GREYSTONE MASTER TENANT, LLC,
GREYSTONE TENANT, LLC, GREYSTONE OPTION HOLDER, LLC,
TRANS INN ASSOCIATES, INC., VOS HOSPITALITY, LLC, BBM3, LLC,
BBM 3 II, LLC, JAMES VOSOTAS, DANIEL VOSOTAS AND BRANDON MUHL**

Defendants, Greystone Hotel Miami, LLC, United EB5 LLC, Santa Barbara 230, LLC, Greystone Terra Firma, LLC, Vos Holdings I, LLC, VOS CREI, LLC, Greystone Hospitality, LLC, Greystone Holdco, LLC, Greystone Managing Member, LLC, Greystone Master Tenant, LLC, Greystone Tenant, LLC, Greystone Option Holder, LLC, Trans Inn, Associates, LLC, VOS Hospitality LLC, BBM 3, LLC, BBM 3 II, LLC, James Vosotas, Daniel Vosotas and Branden Muhl (the "Greystone Defendants"), move pursuant to Rule 12(b)(1) of the Fed. R. Civ. P., and Rule 7.1 of the Local Rules of the Southern District of Florida, to dismiss the Complaint [DE 1] for lack of subject matter jurisdiction and state:

## I. INTRODUCTION

This is an action that purports to rely upon a federal question for subject matter jurisdiction under 28 U.S.C. § 1331. Though the Complaint alleges that it concerns "Section 27 of the Securities and Exchange Act, 15 U.S.C. § 78", it does not plead a cause of action under the Securities and Exchange Act or any federal statute. All of the Complaint's thirty-nine (39) causes of action against the thirty-three (33) defendants allege state common law and Florida statutory claims.

Because the Complaint does not allege a federal cause of action, this court lacks subject matter jurisdiction under 28 U.S.C. § 1331, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Local Rule 7.l of the Rules of the Southern District of Florida. Leave to amend to add a federal cause of action is not permitted under 28 U.S.C. § 1653 and Fed. R. Civ. P. 15(a).

Further, plaintiffs fail to meet the requirements for diversity jurisdiction contained in 28 U.S.C. §§ 1332(a)(2) and 1332(a)(3). The Complaint does not allege complete diversity as plaintiffs are foreign nationals and one of the defendants, JJW Consultancy, Ltd., is a "foreign

entity located in Hong Kong." Compl. ¶ 30. As there is a foreign defendant and only foreign plaintiffs, diversity is not complete.

In the absence of subject matter jurisdiction, the Complaint should be dismissed.

## II. THE PLAINTIFFS' ALLEGATIONS

The Complaint contains one hundred twenty four (124) pages of repetitive allegations that are mostly conclusory. The plaintiffs are lumped together and little, if any, individual facts are plead. From what is plead, plaintiffs are labeled foreign nationals without stating where they have citizenship.[1] Compl. ¶ 18. Greystone Defendants are grouped with other defendants, and often no factual distinctions are drawn between them.

Essentially, plaintiffs allege that they were solicited in China to invest in an EB-5 Program sponsored by defendant Joseph Walsh ("Walsh"). The objective was the construction of a hotel in Miami-Dade County, Florida.[2] They further assert that at the direction of Walsh, they each invested $500,000, via wire transfer, to a Florida limited liability partnership known as Greystone EB-5, LLLP, and they understood that Walsh would place their investment funds in a bank escrow account. Compl. ¶¶ 119-143. Eventually, as needed by the hotel project, the escrow funds were to be loaned to an entity or entities responsible for satisfying the construction costs. Compl. ¶ 8. Once the hotel project was completed and the requisite EB-5 immigration requirements were verified by the federal government, plaintiffs expected that they would be granted legal United States residency. Compl. ¶ 156.

---

[1] The Complaint implies that plaintiffs are citizens of the People's Republic of China, though this is not certain.

[2] The EB-5 Immigrant Investor Visa Program is set forth, in part, in 28 U.S.C.§ 1153(b)(5) and 8C. F. R. §§ 204.6 and 216.6, and permits eligible immigrants to become permanent United States residents by investing at least $500,000 and generating the required number of jobs in specified targeted areas.

Plaintiffs allege that, unbeknownst to them, Walsh failed to establish the escrow account. Compl. ¶¶ 119-143. Instead, Walsh, with the alleged connivance of PNC Bank, created a bank account that he controlled, and which did not provide the safeguards of an escrow account. Compl. ¶¶ 119-145. They also claim that Walsh embezzled their funds, and failed to lend monies to support the hotel project. Compl. ¶ 144.

According to the plaintiffs, Walsh's scheme was aided and abetted by the Greystone Defendants. Compl. ¶¶ 241-296. Though their embezzlement allegations do not plead any facts tying the Greystone Defendants to Walsh, they assign liability to the Greystone Defendants. Compl. ¶¶ 119-145, 241-296.

As a result of Walsh's embezzlement, the federal government denied their EB-5 residency applications on the ground that they did not benefit the hotel project. Comp. ¶¶ 144-154, 181-182. Therefore, not only have they lost their investments, plaintiffs' goal of using the EB-5 program to qualify for United States residency may have been irreparably derailed. Compl. ¶¶ 147-154.[3]

Plaintiffs also allege that the Greystone Defendants fraudulently misrepresented themselves, and various aspects of the proposed hotel project. Compl. ¶¶ 98-107. They claim that they would not have invested in Greystone EB-5 LLLP in the absence of these alleged misrepresentations, and they seek money damages and equitable liens against the hotel buildings. All of their causes of action arise, if at all, under Florida common law and Florida statutes. Compl. ¶¶ 218-547.

---

[3] Other EB-5 investors have accused Walsh of fraud and embezzlement. *Lan Li v. Walsh*, 2019 U.S. Dist. LEXIS 14836 (S.D. Fla. 2019).

### III. THE COMPLAINT FAILS TO PLEAD THE VIOLATION OF <u>FEDERAL LAW</u>

A. <u>The Complaint Does Not Allege a Federal Question</u>

The Complaint makes only one brief reference to the Securities and Exchange Act, 15 U.S.C. § 78, as the basis for federal question jurisdiction. Compl. ¶ 55. However, none of plaintiffs' thirty-nine (39) causes of action plead a violation of the Securities and Exchange Act, or any federal laws. As there are no federal questions plead, jurisdiction does not exist under 28 U.S.C. § 1331.

B. <u>The Complaint May Not Be Amended to Plead a Federal Question</u>

Amendments to pleadings to cure defective jurisdictional allegations are governed by 28 U.S.C. § 1653 and Fed. R. Civ. P. 15(a). Neither 28 U.S.C. § 1653 nor Fed. R. Civ. P. 15(a) permit plaintiffs to amend their Complaint to add a federal claim where none has been plead.

1. <u>28 U.S.C. § 1653 does not permit an amendment to add a federal claim</u>

Pursuant to 28 U.S.C. § 1653, "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." However, the Supreme Court in *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 830-31, 109 S. Ct. 2218, 104 L. Ed 2d 893 (1989) limited the scope of 28 U.S.C. § 1653, and held that the statute merely allows amendments to cure defects in existing allegations of jurisdiction. Stated the opposite way, 28 U.S.C. § 1653 does not "empower federal courts so as to produce jurisdiction where none actually existed before." *Newman-Green*, 490 U.S. at 830-31.

In *S.F. Residence Club, Inc. v. 7027 Old Madison Pike, LLC*, 583 F. 3d 750 (11th Cir. 2009), the court applied *Newman-Green* to a defective request for relief contained in a motion. In dismissing the appeal, the court determined that 28 U.S.C. § 1653 does not allow for amendments

6

that raise new claims, issues or relief that have not previously been plead or sought in order to remedy jurisdictional defects.

> 2. Fed. R. Civ. P. 15(a) cannot remedy
>    <u>Plaintiffs' defective Complaint</u>

Should plaintiffs seek leave to amend their Complaint by using Fed. R. Civ. P. 15(a) to supply the omitted federal question, the Greystone Defendants submit their motion should be denied.

Though leave to amend is normally freely given, the right to amend depends upon the existence of federal jurisdiction. If a court lacks subject matter jurisdiction over a complaint, it lacks authority under Rule 15(a) to grant leave to amend to create jurisdiction.

In *Saxon Fibers, LLC v. Wood*, 118 Fed. Appx. 750 (4th Cir. 2005), defendants moved to dismiss a complaint on the ground that plaintiff failed to join indispensable parties, and had he done so, there would not be complete diversity under 28 U.S.C. § 1332. The district court allowed the plaintiff to amend the complaint to add a federal question to moot the lack of complete diversity. On appeal, the Fourth Circuit vacated the judgment for plaintiff and remanded the case with directions that it be dismissed for lack of subject matter jurisdiction. It held that where a court lacks subject matter jurisdiction, it may not apply 28 U.S.C. § 1653 and/or Fed. R. Civ. P. 15(a) to allow amendments to create jurisdiction. *See also, Multicultural Radio Broad. Inc. v. Korean Radio Broad. Inc.*, 2017 U.S. Dist. LEXIS 12749 (D. New Jersey 2017), where the court determined that Rule 15(a) does not allow amendments to plead federal causes of action where none previously existed.

> C. <u>Diversity Jurisdiction Does Not Exist</u>

The Complaint relies upon 28 U.S.C.§ 1331 as the basis for subject matter jurisdiction. Compl. ¶ 55. As there is no federal cause of action alleged, there is no subject matter jurisdiction.

However, should plaintiffs now claim that diversity jurisdiction supports their action under 28 U.S.C. § 1332(a), they would be incorrect. Complete diversity is lacking because plaintiffs are exclusively foreign citizens, and there is a foreign defendant. Compl. ¶¶ 18, 32.

In suits involving foreign citizens on one side, and a mixture of United States and foreign citizens on the other side, the courts have consistently held that complete diversity under 28 U.S.C. § 1332(a)(2) is lacking, and there is no subject matter jurisdiction. *See, Chick Kam Choo v. Exxon Corp.*, 764 F. 2d 1148 (5th Cir. 1985), where the court held that such complete diversity is required by 28 U.S.C. § 1332(a)(2); *Eze v. Yellow Cab Co. of Alexandria, Va.*, 782 F. 2d 1064 (D.C. Cir. 1986), where the court held that diversity jurisdiction does not exist in a suit by an alien against a United States citizen and another foreign national; *Craig v. All Richfield Co.*, 19 F. 3d 472 (9th Cir. 1994), where a complaint was dismissed involving a single foreign plaintiff who sued numerous foreign defendants and United States citizens; *U.S. Motors v. GM Eur.*, 551 F. 3d 420 (6th Cir. 2008), where the court joined other circuits and held that where they are aliens on one side, and both aliens and U.S. parties on the other side, there is not complete diversity; and *Quail Cruises Ship Mgmt v. Agencia de Viagens CVC Limitada*, 732 F. Supp. 2d 1345 (S.D. Fla. 2010), where the district court relied upon *U.S. Motors* to find a lack of complete diversity.

Plaintiffs will not find any relief under 28 U.S.C. § 1332(a)(3). That statute creates a limited exception to the complete diversity rule and provides jurisdiction where there are United States and foreign citizens on both sides of the suit. *Dresser Indrus., Inc. v. Underwriters at Lloyd's of London*, 106 F. 3d 494 (3d Cir. 1997); *Universal Licensing Corp. v. Paola Del Lungo S.P.A.*, 293 F. 3d 579 (2d Cir. 2002). Here, there are no United States plaintiffs. Therefore, the Complaint does not fit within 28 U.S.C. § 1332(a)(3).

WHEREFORE, the Greystone Defendants request that the Complaint be dismissed for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that the court grant such other relief it deems just and proper.

Dated:  November 18, 2019                     Respectfully submitted,

*Attorneys for Greystone Defendants*

GREENBERG TRAURIG, P.A.
5100 Town Center Circle
Suite 400
Boca Raton, Florida 33486
Telephone: 561-955-7600
Telefax: 561-338-7099

By*: s/ Stephen A. Mendelsohn*
Stephen A. Mendelsohn
Florida Bar No. 0849324
Email:  mendelsohns@gtlaw.com;
hasenh@gtlaw.com; and
FLService@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

           */s/ Stephen A. Mendelsohn*
        STEPHEN A. MENDELSOHN

CASE NO.: 1:19-cv-24138-DPG

## SERVICE LIST

Yuanxiao Feng, *et al.* *v.* Joseph Walsh, et al.
**Case No.  1:19-cv-24138-DPG**
**United States District Court, Southern District of Florida**

ZEBERSKY PAYNE SHAW LEWENZ, LLP
*Attorneys for Plaintiffs*
Jordan A. Shaw, Esq.
Fla. Bar No. 111771
Steffani M. Russo, Esq.
Fla. Bar No. 1002598
110 SE 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com:
srusso@zpllp.com
Secondary Email· mperez@zpllp.com;
jgarcia@zpllp.com

And

SMS LAW GROUP, APC
*Co-Counsel for Plaintiffs*
Kevin Qi, Esq.
CA Bar No. 284314
*Pro Hae Vice* to be sought
2221 Camino Del Rio S, Ste. 100
San Diego, CA 92108
Telephone: (619) 342-7887
Facsimile: (619) 255-9559
(732) 747-5259 Fax
Primary Email: kevinqi@smslawfirm.us

Attorneys for Plaintiffs

11

Mandel & Mandel LLP
*Counsel for Defendants PNC Bank, N.A.*
*And Ruben Ramirez*
Nina Stillman Mandel
FBN 843016
160 East Flagle Street, Ste. 1224
Miami, Florida 33131
Tel: (305) 374-7771
Fax: (305) 374-7776
nsm@mandel.law

Ballard Spahr LLP
Nicholas A.R. Kato
*Pro Hac Vice requested*
*Counsel for Defendants PNC Bank, N.A.*
*And Ruben Ramirez*
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 864-8838
KatoN@ballardspahr.com