UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24138-DPG

_____

YUANXIAO FENG, an individual;
KIU CHUN SAXON HUI, an individual;
LAI KING HUI, an individual;
JING KUANG, an individual;
CHUEN PING NG, an individual;
MINYANG TIAN, an individual;
HONGSEN ZHANG, an individual;
and YAN ZHANG, an individual,

    Plaintiffs.

v.

JOSEPH WALSH, et al.

    Defendants.
_____/

# GREYSTONE DEFENDANTS' REPLY MEMORANDUM
# OF LAW IN SUPPORT OF THEIR MOTION TO
# DISMISS THE FIRST AMENDED COMPLAINT

Defendants, Greystone Hotel Miami, LLC, United EB5 LLC, Santa Barbara 230, LLC, Greystone Terra Firma, LLC, Vos Holdings I, LLC, VOS CREI, LLC, Greystone Hospitality, LLC, Greystone Holdco, LLC, Greystone Managing Member, LLC, Greystone Master Tenant, LLC, Greystone Tenant, LLC, Greystone Option Holder, LLC, Trans Inn, Associates, LLC, VOS Hospitality LLC, BBM 3, LLC, BBM 3 II, LLC, James Vosotas, Daniel Vosotas and Branden Muhl (the "Greystone Defendants"), submit their Reply Memorandum of Law In Support of Their Motion to Dismiss the First Amended Complaint (the "Motion") [D.E. 68].

**I.      INTRODUCTION**

Plaintiffs' Response [D.E. 82] to the Motion fails to overcome the pleading deficiencies and legal flaws that undermine their First Amended Complaint ("FAC") [D.E. 44].  Plaintiffs attempt to sidestep their failure to plead facts about themselves, with the exception of one plaintiff, by claiming that they may group all plaintiffs without the need for specific facts that show they invested in Greystone EB-5, LLLP (the "EB-5 Partnership").  Their efforts to characterize the FAC's conclusory allegations as containing detailed facts fall flat.  They also continue to misstate the transaction and its underlying documents.

Plaintiffs' securities counts remain flawed.  Plaintiffs, though they string the Greystone Defendants together in numerous conclusory paragraphs, fixate upon defendant Branden Muhl ("Muhl") and single him out while inexplicably ignoring the other Greystone Defendants.  Yet, Plaintiffs get no farther factually than showing that Muhl is listed on various public documents as the manager of certain entities that were part of the overall transaction.  They do not provide any facts that show Muhl or any of the Greystone Defendants knew Plaintiffs, knew they had invested in the EB-5 Partnership, knew that defendant James Walsh ("Walsh") had received investment funds, that Walsh opened an account at PNC Bank and aided or participated in any manner with Walsh's purported embezzlement.  Moreover, there are no facts plead that Muhl, or any Greystone Defendant, caused Plaintiffs' injuries, and that Muhl and the Greystone Defendants benefitted from Walsh's embezzlement.

## II. ARGUMENT

### A. Plaintiffs' Allegations Are Devoid of Facts About Themselves and Fail to Meet Pleading Requirements

#### 1. Plaintiffs Do Not Adequately Plead Individual Claims

Plaintiffs, with one very limited and inadequate exception, provide no facts as to their nationalities, residences, occupations or that they invested any monies in the EB-5 Partnership. They claim that they can lump themselves together and need not provide any individual facts. Response, p. 2. This argument has no legal support.

As shown on the face of the FAC, Plaintiffs bring eight individual claims. They do not plead a class action. Rules 9(b) and 10(b) of the Fed. R. Civ. P. require that each plaintiff plead individually. Also, the PSLRA mandates a heightened pleading for each plaintiff. 15 U.S.C. § 78u-4(b)(1).

It is self-evident that the Plaintiffs' omission of identifying facts undermines their 10b-5 and section 20 securities claims. By merely placing multiple plaintiffs together in the two No. 40 Counts, without facts that show that they engaged in securities transactions, Plaintiffs fail to support their securities claims and all other counts. *Instituto De Prevision Militar v. Merrill Lynch,* 546 F. 3d 1340, 1352 (11th Cir. 2008).

If the courts were to adopt Plaintiffs' pleading strategy, individuals would be permitted to join federal litigation without having to plead facts showing who they are, where they reside, and why they have standing. They would avoid having to each prove the elements of the counts they use against defendants. In effect, one plaintiff would be an unapproved class representative, without fulfilling the requirements for class certification, while the other plaintiffs remain unknown, except as mere names placed in the caption of the case, as here.

3

Similarly, Plaintiffs have not plead RICO claims. Plaintiffs must show that an injury caused by a RICO violation in order to have standing. *O'Malley v. O'Neill*, 887 F. 2d 1557, 1560-61 (11th Cir. 1989). Plaintiffs passively admit the standing requirement where they state that "a plaintiff must allege" the RICO elements. Response, p. 24.

The requirement that each Plaintiff plead his/her claims is also required by Fed. R. Civ. P. Rule 10(b). Rule 10(b) is designed to provide sufficient notice to each defendant so that they may understand what they are accused of and by whom. By grouping themselves, Plaintiffs engage in shotgun pleading and violate Rule 10(b). *Chiron Recovery Ctr., LLC v. United Healthcare Servs.*, 2019 LEXIS 157777 at *24 (S.D. Fla. 2019).

2. Plaintiffs' Federal Securities
   Claims Against Muhl

Plaintiffs' reply to the Greystone Defendants' argument they have not plead in compliance with the PSLRA, 15 U.S.C. § 78u-4(b), is that their "group pleading" of defendants is proper under 11th Circuit Court of Appeals decisions. Response, pps. 6-7. Contrary to Plaintiffs' assertion, the Eleventh Circuit Court of Appeals has not held that the PSLRA permits group pleading. Plaintiffs misconstrue *Phillips v. Scientific-Atlanta, Inc.*, 374 F. 3d 1015 (11th Cir. 2004) by stating "the Court in *Phillips* absolutely permits group pleading . . ." Response, p. 7. In fact, the *Phillips* court expressly declined to determine whether the PSLRA permits group pleading of defendants. *Id*. at 1019. Some courts within the Southern District of Florida recognize group pleading, but require that plaintiffs "make the specific factual allegation that [the defendant], due to his high ranking position and direct involvement in the everyday business of the Company, was directly involved in controlling the content of the statements at issue." *Sid Murdeshwar v. Search Media Holdings, Ltd.*, 2011 U.S. Dist. LEXIS 158193, 2011 WL 7704347 at *12 (S.D. Fla. 2011). Plaintiffs have not met that high burden.

4

Plaintiffs cite to FAC paras. 80-87 and claim they contain facts supporting Muhl's 10b-5 and section 20 liability due to his alleged high ranking position and day to day involvement. Response, p. 8. In fact, they rebut Plaintiffs' argument. Each paragraph lumps Muhl with other Greystone Defendants and/or Walsh affiliates. Plaintiffs selectively omit references to the other defendants in their Response, p. 8 in quoting from paras. 82-87 and inexplicably solely focus on Muhl. Plaintiffs' editing gives the false inference that Muhl solely controlled the overall transaction sufficient to justify his liability under 10b-5 and section 20. After Plaintiffs' editing is disregarded, they fail to provide specific allegations as to Muhl's <u>particular</u> alleged ability to control the entire transaction.

Plaintiffs' other attempts to focus solely upon Muhl do not hold up. Though Plaintiffs state in FAC paras. 107 and 108 that Muhl "fabricated loan documents", Response, p. 9, para. 107 actually contains the same allegations against all the Defendants; "Walsh, Walsh, Jr., the Walsh Entities, D. Vosotas, J. Vosotas, the Vosotas Entities and the B Group". Para. 108 does not specifically refer to Muhl and merely accuses "Defendants" of an unlawful transfer.

Similarly, Plaintiffs' reliance upon FAC para. 127 to support Muhl's federal securities liability fails. Response, p. 10. Paragraph 127 does not mention Muhl. The prior paragraphs, which are preliminary to paragraph 127, broadly include all of the "Defendants" in the same alleged conduct. *See* FAC paras. 117, 118, 119, 120, 121, 122, 123, 124, 125 and 126.

In FAC paragraph 160, Plaintiffs lump Muhl with other Defendants to allege "Defendants' Fraud Continued." Yet, their Response focuses solely on Muhl without any attempt to differentiate his conduct from the other Defendants. Response, p. 11-12. Plaintiffs' "shell" company allegations have the same defects. Response, p. 12.

### B. Plaintiffs' RICO Count Is Legally Deficient

For the reasons stated above, Plaintiffs have not adequately plead their RICO claim with the required particularity.

Plaintiffs' RICO claim also legally flawed. As Plaintiffs acknowledge, the Greystone Defendants have not been convicted of any securities crimes which is a threshold requirement under the PSLRA. Plaintiffs also lack standing as their injuries did not occur in the United States.

Plaintiffs assert that the PSLRA's prohibition against packaging federal securities claims as a RICO violation is not applicable. They claim that their securities counts are only alleged against Muhl, Walsh and the Walsh entities, while their RICO conspiracy count is against all Defendants.

As for Muhl and the other Greystone Defendants, Plaintiffs have no viable RICO claim as they have not been convicted of securities crimes. 18 U.S.C. § 1964 (c); *Dusek v. JP Morgan Chase & Co.*, 832 F. 3d 1243, 1249 (11th Cir. 2016).

As for the Greystone Defendants, Plaintiffs' allegations underlying their securities counts are also used to support the RICO count. *See* FAC Counts 40 and 41 where "Plaintiffs [sic] re-affirms, re-alleges, and incorporates by reference paragraphs 1 through 230". [D.E. 44] Plaintiffs fail to explain why they rely upon identical allegations against Muhl in their securities counts, and against all Defendants in their RICO count. In any event, as all the securities and RICO claims are literally based on the same allegations, Plaintiffs' RICO claim is barred by 18 U.S.C. § 1964(c). *Dusek, Id*. at 1249.

Plaintiffs' argument that their RICO count is solely based on non-securities crimes is not credible. They have openly asserted that "this case arises out of Defendants' fraudulent scheme to solicit 'investments' from Plaintiffs . . ." Response, p. 1. Therefore, their RICO count is

6

grounded upon alleged securities violations and should be dismissed in the absence of convictions for securities crimes. *Id*.

Plaintiffs also fail to rebut the fact that their injuries occurred outside the United States. Plaintiffs mistakenly focus upon where the alleged acts occurred rather than the geographic injury to Plaintiffs, which is their foreign domiciles. *RJR Nabisco, Inc. v. European Community*, ___ U.S. ___, 136 S. Ct. 2090, 2108, 195 L. Ed. 2d 476 (2016); *Absolute Activist Value Master Fund v. Devine*, 233 F. Supp. 3d 1297, 1326 (M.D. Fla. 2017); *LanLi v. Walsh*, 2017 U.S. Dist. LEXIS 114551 (S.D. Fla. 2017).

### C. All of Plaintiffs' State Law Counts Sound in Fraud

Plaintiffs try to preserve their state law claims by claiming they do not sound in fraud and fall outside Rule 9(b). Response, p. 27. However, they cannot avoid their own words. In FAC para. 1, Plaintiffs state that "[t]his case stems from Defendants' fraudulent scheme to induce Plaintiffs into investing in United States real estate to obtain EB-5 immigration visas." Plaintiffs use "false", "fraud" or "fraudulent" throughout the FAC in their general allegations at paras. 7, 9, 17, 19, 20, 21, 23, 25, 26, 27, 28, 31, 32, 37, 39, 42, 43, 44, 45, 46, 47, 48, 49, 53, 71, 73, 74, 77, 97, 106, 107, 109, 111, 113, 118, 119, 120, 121, 126, 127, 128, 129, 130,131, 133, 141, 143, 148, 149, 150, 152, 154, 156, 159, 160, 166, 169, 176, 177, 178, 179, 180, 181, 182, 183, 184,185, 186, 187,188, 189, 190, 191, 200, 201, and 213. These and other allegations extensively contain the terms "fake" and "misrepresentation". Response, p. 2 also states that the Greystone Defendants "conspired to create and implement a complex scheme to solicit foreign investments and defraud Plaintiffs. . . ." By Plaintiffs' own pleading, their state law claims sound in fraud.

### D. Plaintiffs Continue to Misstate the Transaction

The Motion accurately states how Plaintiffs mischaracterize the transaction. In their Response, Plaintiffs make additional errors.

They mistakenly claim that they were investors in "Greystone Miami, LLC or its related entities." Response, p. 18. Surprisingly, Plaintiffs then correctly state that they actually invested in the EB-5 Partnership, which is a different entity, and is not part of the Greystone Defendants. Response, p. 18.

Plaintiffs further wrongly argue that the Greystone Defendants misrepresent the "guarantee" in the EB-5 Partnership/Greystone Hotel Miami, LLC loan agreement. Response, pp. 18-19. It is Plaintiffs who err. The alleged guarantee expressly requires that the EB-5 Partnership make "Advance(s)" to trigger the possibility of a later refund. As Plaintiffs admit, the EB-5 Partnership never lent funds to Greystone Hotel Miami, LLC such that the conditions precedent have not occurred. FAC para. 115.[1]

Plaintiffs also wrongly point to another guarantee allegedly binding the Greystone Defendants. Response, p. 19. This document only references the EB-5 Partnership and USREDA, neither of which are Greystone Defendants.

### E. The Motion Should Be Granted With Prejudice

Plaintiffs have not sought leave to amend the FAC. They assert that the FAC is compliant with pleading requirements and states viable causes of action. Given Plaintiffs' unyielding position, and that they have previously amended, the FAC should be dismissed with prejudice.

---

[1] Plaintiffs have not alleged a breach of contract count against the Greystone Defendants.

### III. CONCLUSION

Based upon the foregoing, the Greystone Defendants request that this Court grant their Motion, dismiss the case with prejudice, and grant such other relief the court deems just and proper.

Dated:  February 24, 2020                         Respectfully submitted,

*Attorneys for Greystone Defendants*

GREENBERG TRAURIG, P.A.
5100 Town Center Circle
Suite 400
Boca Raton, Florida 33486
Telephone: 561-955-7600
Telefax: 561-338-7099

By*:  s/ Stephen A. Mendelsohn*
       Stephen A. Mendelsohn
       Florida Bar No. 0849324
       Email:  mendelsohns@gtlaw.com;
       hasenh@gtlaw.com; and
       FLService@gtlaw.com

ACTIVE 48938411v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Stephen A. Mendelsohn*
STEPHEN A. MENDELSOHN

## SERVICE LIST

Yuanxiao Feng, *et al.**v.* Joseph Walsh, et al.
**Case No.  1:19-cv-24138-DPG**
**United States District Court, Southern District of Florida**

ZEBERSKY PAYNE SHAW LEWENZ, LLP
*Attorneys for Plaintiffs*
Jordan A. Shaw, Esq.
Fla. Bar No. 111771
Steffani M. Russo, Esq.
Fla. Bar No. 1002598
110 SE 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com:
srusso@zpllp.com
Secondary Email· mperez@zpllp.com;
jgarcia@zpllp.com

And

SMS LAW GROUP, APC
*Co-Counsel for Plaintiffs*
Kevin Qi, Esq.
CA Bar No. 284314
*Pro Hac Vice* to be sought
2221 Camino Del Rio S, Ste. 100
San Diego, CA 92108
Telephone: (619) 342-7887
Facsimile: (619) 255-9559
(732) 747-5259 Fax
Primary Email: kevinqi@smslawfirm.us

   Attorneys for Plaintiffs

Mandel & Mandel LLP
*Counsel for Defendants PNC Bank, N.A.*
*And Ruben Ramirez*
Nina Stillman Mandel
FBN 843016
160 East Flagler Street, Ste. 1224
Miami, Florida 33131
Tel: (305) 374-7771
Fax: (305) 374-7776
nsm@mandel.law

Ballard Spahr LLP
Nicholas A.R. Kato
*Pro Hac Vice requested*
*Counsel for Defendants PNC Bank, N.A.*
*And Ruben Ramirez*
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 864-8838
KatoN@ballardspahr.com

12