**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 1:19-cv-24138-DPG

YUANXIAO FENG, an individual; KIU

CHUN SAXON HUI, an individual; LAI

KING HUI, an individual; JING KUANG, an

individual; CHUEN PING NG, an individual;

MINYANG TIAN, an individual; HONGSEN

ZHANG, an individual; and YAN ZHANG, an

individual,

      Plaintiffs.

v.

JOSEPH WALSH, et. al.,


      Defendants.

_____/


**PLAINTIFFS' UNOPPOSED MOTION FOR CLARIFICATION RE SERVICE ISSUES**
**AND MOTION FOR RELIEF FROM ORDER SETTING DUE DATE**
**FOR MOTION FOR FINAL DEFAULT JUDGMENT**

Plaintiffs, Yuanxiao Feng, Kiu Chun Saxon Hui, Lai King Hui, Jing Kuang, Chuen Ping

Ng, Minyang Tian, Hongsen Zhang, and Yan Zhang (collectively "Plaintiffs"), by and through

undersigned counsel, and, pursuant to the Court's inherent ability to manage the docket in front

of it and enforce or rescind its own orders, hereby respectfully requests clarification and relief

from the Court's Order (D.E. 132, 145, 152, 172) requiring that Plaintiffs' Motion for Default

Final Judgment be filed by a date certain—currently June 7, 2021:

      1.      On April 10, 2020, Plaintiffs moved for the Clerk's entry of default as to

Greystone EB-5 LLLP; USREDA Holdings LLC; USREDA Management LLC; USREDA, LLC;

and WWB Trust LLC.  (D.E. 99.)

[2124111/1]                    1

2.      In support of the Motion for Clerk's entry of default, Plaintiffs pointed the Clerk to the fact that WWB Trust, LLC; Greystone EB-5 LLLP; and USREDA, LLC were served with process of the original Complaint (D.E. 1) on October 29, 2019.  (D.E.s 41, 40, 88.)  Plaintiffs also pointed the Clerk to the fact that USREDA Holdings, LLC was served with the original Complaint on October 30, 2019.  (D.E. 39.)  Additionally, USREDA Management, LLC was served with the original Complaint on January 3, 2020.  (D.E. 174.)  A true and correct copy of these returns of service is attached hereto as **Composite Exhibit 1**.

3.      Unquestionably, all WWB Trust, LLC; Greystone EB-5 LLLP; USREDA, LLC; USREDA Holdings, LLC; and USREDA Management, LLC (collectively, the "Defaulted Defendants") were served the original Complaint (D.E. 1) in compliance with Federal Rule of Civil Procedure 4(h).  (D.E. 41, 40, 88, 39, 174.)  As the Complaint was filed on October 4, 2019, WWB Trust, LLC; Greystone EB-5 LLLP; USREDA; and USREDA Holdings, LLC were all served timely under Federal Rule of Civil Procedure 4(m), which required service by January 2, 2020.

4.      However, USREDA Management, LLC was served on the 91st day—January 3, 2020.  (D.E. 174.)  Inadvertently, the return of service for USREDA, LLC was filed with the Court as the Return of Service for USREDA Management, LLC.  (D.E. 36.)  The Amended Complaint (D.E. 44) was filed on December 2, 2019.  Thus, by the time that USREDA Management, LLC was served with the Complaint (D.E. 1), it was no longer the operative complaint.

5.      That said, the current operative complaint against the Defaulted Defendants is the Amended Complaint.  (D.E. 44.)

6.      Under Federal Rule of Civil Procedure 5(a)(2), "No service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."

7.      Federal Rule of Civil Procedure 4(c)(1) provides that "A summons must be served with a copy of the complaint."

8.      In the Amended Complaint (D.E. 44), there was unquestionably a new claim added against each of the Defaulted Defendants—Count 40a against USREDA, LLC and Greystone EB-5, LLLP; Count 40b against USREDA, LLC and Greystone EB-5, LLLP; and Counts 41 against all of the Defaulted Defendants.

9.      That said, inadvertently, the Amended Complaint, while personally served on the registered agent for each of the Defaulted Defendants in compliance with Federal Rule of Civil Procedure 4(h), did not include a summons according to the returns of service—WWB Trust, LLC (D.E. 84); Greystone EB-5 LLLP (D.E. 85); USREDA Holdings, LLC (D.E. 87); USREDA, LLC (D.E. 89); USREDA Management, LLC (D.E. 90).  A true and correct copy of these returns of service is attached hereto as **Composite Exhibit 2**.  In each case, the return of service says "Plaintiff's First Amended Complaint with Exhibits."

10.      Thus, it would appear that service as to each of the Defendants of the Amended Complaint (D.E. 44) was defective.  However, as to WWB Trust, LLC; Greystone EB-5 LLLP; USREDA Holdings, LLC; and USREDA, LLC, there was timely, effective service of the Complaint (D.E. 1) with a summons.  Comp. Exh. 1.  As to USREDA Management, LLC (D.E. 90), there was effective service of the Complaint—albeit while the Complaint (D.E. 1) was no longer operative and one day late under Federal Rule of Civil Procedure 4(m).  Comp. Exh. 1.

11.     Under Federal Rule of Civil Procedure 4(m), the Amended Complaint needed to be served by March 9, 2020.

12.     With respect to the Defaulted Defendants, Plaintiffs timely moved for a Clerk's Default (D.E. 99) on April 10, 2020.  The Clerk entered the Clerk's Default as to the Defaulted Defendants on April 28, 2020.  (D.E. 102.)

13.     Under Federal Rule of Civil Procedure 12(b), the defenses of improper process (12(b)(4)) and improper service of process (12(b)(5)) are valid defenses that may be raised by motion.  Further, it is well-established in this Circuit that both may be waived if not properly asserted.  *Green v. Florida*, 2013 WL 5567324 (M.D. Fla. Oct. 9, 2013) ("A defense of insufficiency of process or insufficiency of service of process is waived if not raised by motion or included in a responsive pleading.").

14.     In *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 901 (11th Cir. 1990), the Eleventh Circuit examined a default judgment where there was an underlying defect in the process, ultimately determining that by defaulting and failing to raise the defenses until after the default judgment was entered, the defaulting party waived the defect in process.

15.     Under Federal Rule of Civil Procedure 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Further, even in situations where there is not good cause established, the Eleventh Circuit has stated that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

16.     In an analogous case, *Turner v. Galloway*, 2015 WL 4878836, at *3 (S.D. Miss. Aug. 14, 2015), a District Court in Mississippi examined whether failure to include a summons

was fatal to a claim, determining that "Dr. Galloway was not prejudiced.  He received a copy of the Amended Complaint by certified mail shortly after its filing and in time to file a timely notice of removal."

17.     Like there, here, there can be no question that the Defaulted Defendants were delivered a copy of the Amended Complaint (D.E. 44) otherwise in compliance with Rule 4(h)—albeit lacking the summons—and chose not to respond to it.  Further, for four of the Defaulted Defendants, this service came after a timely and effective service, which included a summons, which they failed to defend after.  For the fifth remaining Defaulted Defendant, proper process was delivered—albeit one day late.

18.     In *Turner v. United States*, 203 Fed. Appx. 952, 954–55 (11th Cir. 2006) (per curiam), the Eleventh Circuit noted that in a case where a complaint was never served with a summons, the Court could simply "direct that service be effected" under Federal Rule of Civil Procedure 4 and that it was an abuse of discretion for the District Court to have dismissed the complaint with prejudice under the circumstances.

19.     In *Blandford v. Broome County Government*, 193 F.R.D. 65, 68–69 (N.D.N.Y. 2000), the court, in an analogous situation, considered that "Defendants do not cite any prejudice that resulted from service of the complaint only."  Here, all of the Defaulted Defendants were served with a complaint and summons prior to the service of the Amended Complaint (D.E. 44) otherwise in compliance with Federal Rule of Civil Procedure 4(h).

20.     In *Dietz v. Bouldin*, the Supreme Court of the United States discussed the "inherent powers" had by a District Court.  136 S.Ct. 1885 (2016).  These also include an inherent power "to manage its docket and courtroom with a view toward the efficient and

expedient resolution of cases." *Dietz*, 136 S.Ct. at 1888–89 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

21.     With respect to four of the Defaulted Defendants, they were timely and effectively served, defaulted, and then served with the Amended Complaint (D.E. 44), only to default again.

22.     With respect to USREDA Management, LLC, it was effectively served with the Complaint (D.E. 1), albeit one day after the 90-day limit of Federal Rule of Civil Procedure 4(m), and counsel inadvertently believed that USREDA Management, LLC, had been served due to improperly marking USREDA, LLC's service as USREDA Management, LLC's service. (D.E. 36.)

23.     In no event have the Defaulted Defendants appeared before this Court or otherwise attempted to claim that they are prejudiced by any of this.  Under *Sanderson*, the Court can consider their failure to appear as a waiver.

24.     As the Court is well aware, Plaintiffs are preparing a Motion for Default Final Judgment against the Defaulted Defendants and Joseph Walsh and Joseph Walsh, Jr.

25.     Accordingly, Plaintiffs ask the Court to clarify if the Court will require Plaintiffs to re-serve the Amended Complaint (D.E. 44) on the Defaulted Defendants along with a summons or if the Court will deem any objections to process or service of process waived by the Defaulted Defendants' failure to appear and defend the action.

26.     In any event, Plaintiffs respectfully request that the Court vacate the date certain present in its Orders (D.E. 132, 145, 152, 172) requiring the filing of the Motion for Default Final Judgment by June 7, 2021.  Undersigned counsel vows, as an officer of the Court, that the Motion for Default Final Judgment will be expeditiously filed once the issues presented herein are resolved.  In fact, it was while finalizing the Motion for Default Judgment that the issues

raised herein were discovered—while doing a final review of all of the procedural history along with the appropriate docket entries.

**CERTIFICATE OF CONFERRAL**

I hereby certify that I conferred with counsel for the Greystone Defendants regarding this Motion.  She stated no objection to the relief sought herein.

Dated: June 7, 2021                                  Respectfully submitted,

ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 595-6060
Facsimile: (954) 989-7781
Primary          Email:          jshaw@zpllp.com;
srusso@zpllp.com; zludens@zpllp.com
Secondary Email: mperez@zpllp.com;
medmondson@zpllp.com

By:   */s/ Zachary D. Ludens*
JORDAN A. SHAW (FBN 111771)
STEFFANI M. RUSSO (FBN 1002598)
ZACHARY D. LUDENS (FBN 111620)
*Counsel for Plaintiffs*

and

SMS LAW GROUP, APC
*Co-Counsel for Plaintiffs*
Kevin Qi, Esq. (*Pro Hac Vice Granted*)
CA Bar No. 284314
*Pro Hac Vice Granted*
2221 Camino Del Rio S.
Ste. 100
San Diego, CA 92108
Telephone: (619) 342-7887
Facsimile: (619) 255-9559
Primary Email: kevinqi@smslawfirm.us

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of June, 2021, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF which will notify all parties.

*/s/ Zachary D. Ludens*
Zachary D. Ludens (FBN 111620)
