UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24138-GAYLES/OTAZO-REYES

**YUANXIAO FENG, et al.**,

    Plaintiffs,

v.

**JOSEPH WALSH, et al.**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes' Report and Recommendation ("Report") [ECF No. 210]. On May 5, 2021, Defendants Greystone Hotel Miami, LLC, United EB-5 LLC, Santa Barbara 230, LLC, Greystone Terra Firma, LLC, Vos Holdings I, LLC, VOS CRE I, LLC,[1] Greystone Hospitality, LLC, Greystone Holdco, LLC, Greystone Managing Member, LLC, Greystone Master Tenant, LLC, Greystone Tenant, LLC, Greystone Option Holder, LLC, Trans Inn Associates, LLC, VOS Hospitality LLC, BBM 3, LLC, BBM 3 II, LLC, James Vosotas, Daniel Vosotas, and Branden Muhl (the "Greystone Defendants") filed a Motion to Dismiss First Partially Amended Complaint (the "Motion"). [ECF No. 162]. The case was referred to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial non-dispositive and dispositive matters. [ECF No. 106]. On August 10, 2021, Judge Otazo-Reyes held a hearing on the Motion. [ECF No. 199]. On December 21, 2021, Judge Otazo-Reyes issued her Report, recommending that the Court grant the Motion and dismiss the First Partially Amended Complaint, [ECF No. 148], with prejudice. Plaintiffs timely filed objections but chose not

---

[1] On December 17, 2021, VOS CRE I, LLC filed a Suggestion of Bankruptcy, thereby triggering an automatic stay of the case against this entity. [ECF No. 207].

to "specifically object to the recommendations with respect to Counts XVIII and XIV." [ECF No. 217]. The Greystone Defendants responded. [ECF No. 220]. The Court denied Plaintiffs' request to file a reply. [ECF No. 223].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiffs' primary objection to the Report is Judge Otazo-Reyes' recommendation that the First Partially Amended Complaint be dismissed *with prejudice*. [ECF No. 217 at 1]. The Court notes that the First Partially Amended Complaint is Plaintiffs' third pleading against the Greystone Defendants. Plaintiffs filed their initial complaint on October 8, 2019. [ECF No. 1]. After the Greystone Defendants moved to dismiss the initial complaint for a lack of subject matter jurisdiction, [ECF No. 22], Plaintiffs filed their First Amended Complaint as a matter of course, [ECF No. 44]. The Greystone Defendants then moved to dismiss the First Amended Complaint (the "Second Motion to Dismiss"), [ECF No. 68], and Judge Otazo-Reyes held a hearing on that motion, [ECF No. 110].

In Judge Otazo-Reyes' report and recommendation on the Second Motion to Dismiss (the "First Report"),[2] she recommended dismissal with prejudice of Plaintiffs' federal and state

---

[2] PNC Bank, N.A. and Ruben Ramirez (collectively, the "PNC Defendants") also moved to dismiss the First Amended Complaint, [ECF No. 51], and their motion was addressed at the same hearing and in the First Report. The PNC

Racketeer Influenced and Corrupt Organizations Act ("RICO") claims and dismissal without prejudice and with leave to replead the remaining counts against the Greystone Defendants. [ECF No. 112]. Specifically, she found that the First Amended Complaint was a shotgun pleading that incorporated 230 paragraphs of factual allegations into each count without regard to their applicability and improperly commingled Plaintiffs and Defendants without detailing how each Plaintiff was harmed or how each Defendant committed the harm. *Id.* Judge Otazo-Reyes also provided guidance on how Plaintiffs could cure other deficiencies raised by the Greystone Defendants: calling attention to the fact that a variety of Plaintiffs' Florida claims, if repleaded, needed to meet Rule 9(b)'s heightened pleading standard.[3] *Id.* Neither party objected to the First Report, and the Court adopted it. [ECF No. 113].

At issue here is Plaintiffs' renewed attempt to state a claim against the Greystone Defendants, wherein Plaintiffs reassert all of their claims against the Greystone Defendants from the First Amended Complaint except the RICO claims. Plaintiffs have had ample opportunity to address the sufficiency of the allegations but fail to do so. And Plaintiffs cannot rely on discovery to look for evidence to justify their deficient claims. *See Carter v. DeKalb Cty., Ga.*, 521 F. App'x. 725, 728 (11th Cir. 2013) (affirming district court's dismissal of complaint with prejudice entered prior to discovery because "discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" (citation omitted)); *Zinman v. L.A. Fitness Int'l LLC*, No. 21-CV-20315, 2021 WL 2530271, at *6–7 (S.D. Fla. June 21, 2021) (dismissing complaint with prejudice and denying leave to amend because "[p]laintiff cannot use discovery as a means to investigate a theory for which he lacks any

---

Defendants have since been dismissed as the parties settled. [ECF Nos. 125–26]. As such, the Court only addresses the portions of the First Report that pertain to the Greystone Defendants.
[3] She identified other failures with the First Amended Complaint, *see* [ECF No. 112 at 25–27], that were not rectified in the First Partially Amended Complaint.

factual basis"); *Florveus v. State Farm Mut. Auto. Ins. Co.*, No. 12-CV-02912, 2020 WL 10141227, at *8 (N.D. Ga. Dec. 14, 2020) (recommending dismissal with prejudice even though discovery had not yet commenced as "[a] plaintiff cannot rely on discovery to provide additional facts to support generalized assertions"), *report and recommendation adopted*, No. 1:20-CV-02912, 2021 WL 2545479 (N.D. Ga. Jan. 4, 2021).

Having conducted a *de novo* review of the record, the Court agrees with Judge Otazo-Reyes' well-reasoned analysis and conclusion that the Greystone Defendants' Motion to Dismiss should be granted and the First Partially Amended Complaint should be dismissed with prejudice.[4]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Magistrate Judge Alicia M. Otazo-Reyes' Report and Recommendation, [ECF No. 210], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) The Greystone Defendants' Motion to Dismiss First Partially Amended Complaint, [ECF No. 162], is **GRANTED**; and

---

[4] Regarding Counts IX and XII, Plaintiffs object to Judge Otazo-Reyes' finding that United EB-5 LLC ("United EB-5") as the general partner of Greystone EB-5 LLP did not owe a fiduciary duty to Plaintiffs as limited partners. [ECF No. 217 at 7–8]. The Court need not address this argument because it agrees with Judge Otazo-Reyes that Plaintiffs' allegations are both conclusory and insufficient to support a direct action against Ducted EB-5.

(3)  Plaintiffs' First Partially Amended Complaint as to Greystone Defendants, [ECF No. 148], is **DISMISSED with prejudice**, except it shall remain the operative complaint with respect to Defendant VOS CRE I, LLC to be addressed at such time as the bankruptcy is dismissed or resolved.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE