UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24138-GAYLES/OTAZO-REYES

**YUANXIAO FENG, et al.**,

    Plaintiffs,

v.

**JOSEPH WALSH, et al.**,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs'[1] Motion for Entry of Default Final Judgment against Defaulted Defendants (the "Default Motion") [ECF No. 211], Motion for Determination of Prejudgment Interest (the "Interest Motion") [ECF No. 229], and Motion for Attorneys' Fees as to Defaulted Defendants (the "Fees Motion") [ECF No. 230], (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised.

1. On October 8, 2019, Plaintiffs brought the instant action. [ECF No. 1].

2. On December 2, 2019, Plaintiffs filed the First Amended Complaint (the "Complaint") against Defendants Joseph Walsh ("Walsh"), Joseph Walsh, Jr. ("Walsh, Jr."), Greystone EB-5, LLLP ("Greystone"), USREDA, LLC ("USREDA"), USREDA Holdings LLC ("USREDA Holdings"), USREDA Management, LLC ("USREDA Management"), and WWB Trust LLC ("WWB"), (collectively, the "Defaulted Defendants").[2] [ECF No. 44].

---

[1] Plaintiffs in this case are Yuanxiao Feng, Kiu Chun Saxon Hui, Lai King Hui, Jing Kuang, Chuen Ping Ng, Minyang Tian, Hongsen Zhang, and Yan Zhang.

[2] Other Defendants were named as well; but for purposes of the instant Motions, the Court only addresses the Defaulted Defendants.

3. In the Complaint, Plaintiffs assert the following claims against Walsh: (1) violation of Florida Securities and Investor Protection Act (Count 1); (2) conversion (Count 2); (3) fraud in the inducement (Count 10); (4) breach of fiduciary duty (Count 18); (5) fraud (Count 24); (6) constructive fraud (Count 27); (7) civil conspiracy (Count 29); (8) violation of Florida Deceptive and Unfair Trade Practices Act (Count 33); (9) equitable accounting (Count 35); (10) avoidance of fraudulent transfers (Count 39); (11) violation of Section 10(b) of the Exchange Act and Rule 10b-5 (Count 40(a))[3]; and (12) violation of Section 20(a) of the Securities Exchange Act (Count 40(b)).

4. In the Complaint, Plaintiffs assert the following claims against WWB: (1) conversion (Count 3); (2) fraud in the inducement (Count 15); and (3) civil conspiracy (Count 29).

5. In the Complaint, Plaintiffs assert the following claims against USREDA: (1) conversion (Count 3); (2) fraud in the inducement (Count 15); (3) civil conspiracy (Count 29); (4) violation of Florida Deceptive and Unfair Trade Practices Act (33); (5) violation of Section 10(b) of the Exchange Act and Rule 10b-5 (Count 40(a)); and (6) violation of Section 20(a) of the Securities Exchange Act (Count 40(b)).

6. In the Complaint, Plaintiffs assert the following claims against USREDA Holdings: (1) conversion (Count 3); (2) fraud in the inducement (Count 15); and (3) civil conspiracy (Count 29).

---

[3] The Complaint lists two counts as Count 40. Thus, the Court construes those counts as 40(a) and 40(b).

7. In the Complaint, Plaintiffs assert the following claims against USREDA Management: (1) conversion (Count 3); (2) fraud in the inducement (Count 15); and (3) civil conspiracy (Count 29).[4]

8. In the Complaint, Plaintiffs assert the following claims against Greystone: (1) aiding and abetting conversion (Count 7); (2) fraud in the inducement (Count 14); (3) aiding and abetting breach of fiduciary duty (Count 21); (4) civil conspiracy (Count 29); (5) dissolution (Count 30); (6) equitable accounting (Count 34); (7) breach of contract (37)[5]; (8) violation of Section 10(b) of the Exchange Act and Rule 10b-5 (Count 40(a)); and (9) violation of Section 20(a) of the Securities Exchange Act (Count 40(b)).[6]

9. In the Complaint, Plaintiffs assert the following claims against Walsh, Jr.: (1) civil conspiracy (Count 29); (2) violation of Section 10(b) of the Exchange Act and Rule 10b-5 (Count 40(a)); and (3) violation of Section 20(a) of the Securities Exchange Act (Count 40(b)).

10. Plaintiffs served Defendants Walsh and Walsh, Jr. on June 11, 2020. [ECF No. 109].

11. Defendants Walsh and Walsh Jr. did not timely answer or otherwise respond to the Complaint. As a result, Plaintiffs moved for a Clerk's Entry of Default as to those

---

[4] In the instant Default Motion, Plaintiffs assert that Counts 3 and 15 are brought against USREDA Management; however, USREDA Management does not appear to be named in those counts. Nonetheless, the Court interprets the oversight as a scrivener's error given that the counts are brought against the Walsh Entities, which the Complaint defines as companies that "Walsh is the direct or indirect sole member of[,]" including USREDA, *see* [ECF No. 44 at 22], and USREDA Management is defined as "owned and directed by Defendant, Walsh" as "Walsh transferred his ownership of Defendant, USREDA to Defendant USREDA Management[,]" *see* [ECF No. 44 at 11–12].

[5] As an alternative count, Count 38, Plaintiffs brought a claim against Greystone for unjust enrichment.

[6] In the instant Default Motion, Plaintiffs assert that Counts 7, 14, and 21 of the Complaint are brought against Greystone; however, Greystone does not appear to be named in those counts. Nonetheless, the Court interprets the oversight as a scrivener's error given that the counts are brought against the Vosotas Entities, which the Complaint defines as including Greystone. *See* [ECF No. 44 at 22].

        Defendants on December 29, 2020, [ECF No. 129], which the Clerk entered on December 30, 2020, [ECF No. 131].

12. Plaintiffs served Defendants Greystone, USREDA, USREDA Holdings, USREDA Management, and WWB on July 30, 2021. [ECF No. 198].

13. Defendants Greystone, USREDA, USREDA Holdings, USREDA Management, and WWB did not timely answer or otherwise respond to the Complaint. As a result, Plaintiffs moved for a Clerk's Entry of Default as to those Defendants on November 22, 2021, [ECF No. 201], which the Clerk entered on November 23, 2021, [ECF No. 202].

14. On December 27, 2021, Plaintiffs filed the instant Default Motion at the Court's direction. *See* [ECF No. 200]. On March 21, 2022, Plaintiffs filed the instant Interest Motion. On March 22, 2022, Plaintiffs filed the instant Fees Motion. Plaintiffs seek an entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defaulted Defendants for damages, including prejudgment interest, as well as reasonable attorney's fees. [ECF No. 211 at 22–24].

15. As a result of Defaulted Defendants' failure to respond to Plaintiffs' Complaint, or otherwise appear in this action, the Court accepts as true Plaintiffs' claims. Based thereon, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Default Final Judgment against Defaulted Defendants, [ECF No. 211], Motion for Determination of Prejudgment Interest, [ECF No. 229], and Motion for Attorneys' Fees as to Defaulted Defendants, [ECF No. 230], are **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, final judgment shall

be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of April, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE